CIV-ROETTGER    **01-7242**

AO 241 (Rev. 5/85)

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

**MAGISTRATE
SORRENTINO**

## United States District Court

District  **SOUTHERN** Florida

Name  Arick Justin Rinaldo

Prisoner No. 360113327

Case No. L.T. 666855

Place of Confinement  Broward County Jail  555 S.E. 1st Ave P.o. box 9330
Ft. Lauderdale, Fl
33301
Ft. Lauderda.
FL 33310

Name of Petitioner (include name under which convicted)

Arick Justin Rinaldo

Name of Respondent (authorized person having custody of petitioner)

v.  Gary Johnson, and Ken Jenne

The Attorney General of the State of:  Florida

Director T.D.C.J.  Sheriff of
Broward County,
Florida

### PETITION

174th District

1. Name and location of court which entered the judgment of conviction under attack
Court of Harris County, Texas

2. Date of judgment of conviction  September 5th 1996

3. Length of sentence  4 years

4. Nature of offense involved (all counts)  Sexual assault, allegedly
Commit by defendant and his girlfriend/co-defendant

5. What was your plea? (Check one)
   (a) Not guilty  ___
   (b) Guilty  ___
   (c) Nolo contendere  ⊙
   If you entered a guilty plea to one count of indictment, and a not guilty plea to another count or indictment, give details

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury  ___
   (b) Judge only  ✓

7. Did you testify at the trial?
   Yes ☐ No ✓

8. Did you appeal from the judgment of conviction?
   Yes ✓ No ☐

(2)

AO 241 (Rev. 5/85)

9. If you did appeal, answer the following:

(a) Name of court _Court of Appeals 713-655-2700_

(b) Result _March 4, 1998, Mandate of Affirmance_

(c) Date of result and citation, if known _March 4, 1998_

(d) Grounds raised _unKnown, public appeal, attorney-inneffechie_

(e) If you sought further review of the decision on appeal by a higher state court, please answer the following.

(1) Name of court _

(2) Result _Didn't Know of further remedy_

(3) Date of result and citation, if known _

(4) Grounds raised _

(f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal

(1) Name of court _

(2) Result _

(3) Date of result and citation, if known _

(4) Grounds raised _

11. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petition, applications, or motions with respect to this judgment in any court, state or federal?
Yes ☒ No ☐

11. If your answer to 10 was "yes" give the following information.

(a) (1) Name of court _Court of Appeals_

(2) Nature of proceeding _Petition for Writ of Gram Nisari_ _See attached exhibits_

(3) Grounds raised _Judgement defective Plea def...._ _Riche uveiwer invalid, V.O.P unfairjer (llismissed)_ (charst) (no convecta) (ofuiolchon)

- 3 -

AO 241 (Rev. 5/85)

Innefective assistance, of trial counsel,
Innefective assistance, of appellate counsel

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☑

(5) Result ___ No ruling

(6) Date of result ___

(b) As to any second petition, application or motion give the same information:

(1) Name of court ___ Court of Appeal

(2) Nature of proceeding ___ Application for Writ of Mandamus =
Mandate (Gary Johnson to give credit for time)
in Florida.

(3) Grounds raised Currently:
Bond posted in Florida isn't of Hageus Corpus
issued in Florida when it should fixed Petition of
had been illegaly petitioned in for Time (Gary Johnson)
for over 5 months                              Ken Jenne

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☑

(5) Result ___ No ruling

(6) Date of result ___

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?

(1) First petition, etc        Yes ☐  No ☑
(2) Second petition, etc      Yes ☐  No ☑

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not

(3) Cannot appeal when there is no ruling
(1) Did not rea... that there was no...
beyond dice. impact, mandate or mandate.

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.
CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date

AO 241 (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(j) Denial of right of appeal.

A. Ground one: Conviction obtained by a plea of "no contest" which was made in a state of mutal duress without understanding the nature of the charge, the consequences of the plea, and the denial of Jury Trial later

Supporting FACTS (state *briefly* without citing cases or law) Please See attached petitions

B. Ground two: Denied right to jury trial, thought I could go to trial by jury later.

C. Ground three: Plea defective - papers defective on their face, and null and void

Supporting FACTS (state *briefly* without citing cases or law)

D. Ground four: Conviction defective papers defective on their face, and null and void

E. Ground five:
Waiver of rights / Guilty plea defective / not Signed, and not contrary to plea of "no contest" - signed

AO 241 (Rev. 5/85)

F. Ground SIX    Innefective assistance of trial counsel

Supporting FACTS (state *briefly* without citing cases or law): ( See Petitions )

G. Ground Seven: innefective assistance of appellate
Counsel -

Supporting facts: Appellate Counsel was Court appointed
by Appeals Court and biased against me for pro se motions
filed claiming innefective assistance. Paul Hilbert (Counsel) failed
to send a copy of the record after demand, failed to
notice the faulty judgement (I told him TDCJ had picked
up charge as aggravated though plea agreement was to reduce chg)
Counsel (Hilbert) claimed he was a State representative and too
busy to work on it, said it was just a part time job and
to stop hassling him.

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly*
what grounds were not so presented, and give your reasons for not presenting them: ____

12 G: innefective assistance of appellate Counsel Counsel did
not inform me there was further remedy on appeal and 12 a & 12 b were
presented by me improperly by application for writ of mandamus before Hilbert
filed brief, Counsel ignored them because he was angry with me for calling him innefective

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
Yes ☒ No ☐

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked
herein:
(a) At preliminary hearing    Jim Steele - Houston

(b) At arraignment and plea    Jim Steele - Houston

AO 241 (Rev. 5/85)

(c) At trial _by Judge. - Jim Steele_

(d) At sentencing _Paul Nugent - - V. O. P._

(e) On appeal _Paul Hilbert - Court Appointed_

(f) In any post-conviction proceeding _Pro Se (me)_

(g) On appeal from any adverse ruling in a post-conviction proceeding _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes ☐   No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐   No ☒
(a) If so, give name and location of court which imposed sentence to be served in the future: _____

(b) Give date and length of the above sentence: _____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐   No ☒

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_07-17-01_
(date)

_____
Signature of Petitioner

# EMERGENCY

# PETITION FOR

# WRIT OF

# CORAM NOBIS

OR

# HABEAS CORPUS

PETITION FOR WRIT TO VACATE

JUDGEMENT ADJUDICATING

GUILT

L.T. Case no. 666 855

Arick Justin Rinaldo, Petitioner

Comes now, Arick Justin Rinaldo, Relator, and petitions this court for Writ of Coram Nobis or Habeas Corpus to GRANT RELIEF from a Judgement Adjudicating Guilt from the 179th District Court in and for Harris County, Texas, Case number 666855 and in support thereof Would respect fully shew unto this Court as follows:

I.

On or about the 22nd day of June, in the year of Our Lord and Savior, 1993, an indictment was filed against Relator and his girlfriend Shelley for an alleged "aggravated Sexual assault" on Meredith Bohen, which allegedly occured after Ms. Bohen picked up Relator and his girlfriend at a Houston night club to have a threesome.

## II. LATE FOR DOCKET / JURY SELECTION

On or about the 13th day of June, in the Year of Our Lord and Savior, 1994, on the Day of Jury Selection, Relator and his girlfriend and co-defendant Shelley, did drive to the 174th District Court in her vehicle, but got stuck in traffic for over an hour on I-45 near the 610 loop. Shelley ran upstairs, and made the 9 a.m. docket call. Relator parked accross the street and raced up the stairs, making it into the Courtroom at 9:00 but had missed his name on docket call. Relator's (and his co-defendant's) attorney, Jim Steele, had not shown up yet, and Relator was handcuffed to the bench. Baillif took his keys, wallet, I.D., etc.

Relator's counsel showed up about ½ hour late, and informed him that the bond would not be reinstated, that Relator would have to stay in custody until after the trial.

After some time more, Relator's Counsel approached him, having been paid in full. Steele said that the State had offered

②

2 years probation, with a deferred sentence and withheld adjudication. (meaning a clean record) Counsel stated that Relator would have to be convicted of a felony to violate the conditions of the agreement. (Then at 26 years old, Relator had never been charged with any more than a traffic ticket) Steele also said that they really wanted his girlfriend Shelley, but would drop the charges against her in exchange for Relator's plea of no contest. He closed saying that the state had agreed to reduce the charge from a first degree felony, "aggravated sexual assault" to "sexual assault", a second degree felony (at the time that was meaningless to me, but I remember it clearly) Counsel said "think of Shelley, you can't lose, you'll have a clean record, no community service, and only 2 years probation and the Judge will throw it out", "We just have to pay a five hundred dollar fine and you can go home, "Scott free", no risk" Relator had been adamant about jury trial and had refused to even entertain any deals. Counsel left Relator, still handcuffed to the bench to think about it.

Counsel returned, Relator refused the deal. Counsel dropped to his knees, and pleaded, "Arick, take this deal, I'm begging you, if you were my only son, you've got nothing to lose, please, please, take this deal!"

③

A while later, only seconds before the trial by Judge, counsel came, and Relator relented and signed some papers. **After** Relator signed them, Steele says, " **Now he's gonna say** 10 years, but that's deferred adjudication, (what?) it's really just 2 years probation, that's just for show. I talked to the judge in his chambers and he said if you're not convicted of another felony in 2 years, he'll dismiss the charges just like I told you. Now he's gonna ask you some questions, just play along, don't mention the deal."

The transcript and record will show all the foregoing except the 2 years was recorded as 10. (I understand it was dismissable in 2 at the Judges discretion)

Plea
1) Charge reduced as described
2) Charges dropped against co-defendent and girlfriend
3) no community **service**
4) $500 fine + probation

A violation of probation occurred on or about March 10th, 1996, only a month or so before counsel Paul Nugent was scheduled to seek adjudication and dismissal of the charges.

④

IV    Violation

On or about the 10th day of March, in the year of our Lord and Savior, 1996, a houston police officer found Relator and a female friend of his, parked at a Stop light, with the engine running, both of them **passed out** on the seat <u>from Carbon monoxide poisoning</u>. Relator had stopped at a light, and put the vehicle, a new, 95 dodge ram pickup, in park at the light, because he was really sleepy. It was about 5 in the morning, and cold out, and the windows were up and the heater was on full blast.

Relator had noticed engine problems and that the vehicle had been getting increasingly sluggish over a period of months. Relator had also noticed that he was sleepy often, driving the vehicle, and would roll down the windows to "wake up". IT WAS NOT UNTIL AFTER THE INCIDENT THAT RELATOR REALIZED, after taking the vehicle to the dealership, that the CATALYTIC CONVERTER WAS STOPPED SOLID, from a tank of bad gas. The dealership changed the converter for free under warranty shortly after the incident!!

THE POLICE OFFICER HAD UNKNOWINGLY SAVED BOTH RELATOR, AND HIS FRIENDS LIVES!!    (5)

V. Violation Dismissed

This violation, or charge of DWI, was unfounded and dismissed against both Relator and his female friend.

VI. Judgement Defective

Never theless, on or about the 5th day of September in the year of our Lord and Savior, 1996, on the day of adjudication of guilt, Relator was inadvertently convicted of "Aggravated Sexual Assault" See Judgement, "exhibit A", an offense of the 1st degree as described in Section 22.021 of the Texas Penal Code, See "exhibit B." This Judgement Contradicts the plea agreement of June 13th, 1994, the "Mandate" and "alias Capias" issued February 28th, 2001 "D" and is in contradiction of itself with error on it's face. Therefore, this Judgement is void. Said Judgement States that Relator was Convicted of "aggravated Sexual assault", yet clearly states it is a felony of the second degree. Wherefore it must be vacated.

This error commit by the Honorable Judge Godwin or his staff appears to be a blessing in disguise, in more ways than one. (cool name huh?)

GOD SURE IS GREAT, I was Atheist my whole life until I was incarcerated in the Harris County Jail at 27 years old, and saved by grace. I read the bible for the first time in my life and began to have dreams and visions.

I'll never forget the vivid dream in which I was handed a bible in the law library and shewn Romans 11:14. I woke up and looked it up (in jail)

" If by any means I may provoke to emulation, those who are my flesh and save some of them "

GOD IS AN AWESOME GOD

This 10 year

Ordeal has definitely given me quite a bit of Soul growth. But I thank the Lord, astonished at his wisdom, having learned patience, humility, forgiveness, and FAITH.

Only a week ago, I recieved my second dream, in which I was given another bible verse, again Romans, this time 6:17, as I was in the bathroom (in the dream) which represents a cleansing of the spirit. "But God be thanked, that though you were slaves to sin, yet you obeyed from the heart that form of doctrine to which you were delivered"

I do not know the bible near well enough to recollect specific bible verses. The Lord is so awesome!!

Pretty crazy huh? Released from jail after 7 months, on April 11, 1997, (against all odds) 4 days before the birth of my first daughter, born in Conroe, Texas, Tess Aricka Rinaldi (her momma named her, I prayed and prayed she would keep the baby but she said she was going to have an abortion, and my mail began to be returned) Right at Easter, celebrating the ressurection of Christ Jesus.

⑧

Now, father of 2 little girls, (second one born Valentines day 1999) I find myself again incarcerated but with no bond and still facing a 4 year sentence and conviction. Yet **again**, **on April 11th**, this time 2001, against all odds, after much fasting and prayer, and on my pro-se petition, Writ of Habeas Corpus did issue with a "3 day Stay" lifted on Monday, the 16th day of April, the day after Easter Sunday, and my daughter Tess' 4th birthday, THANK YOU LORD.

So here I am, again after 7 months in bonds, again asking this court to deliver me, that I might be remanded before the Honorable Judge God win, and with another miracle, an illegal sentence that must be vacated. Almost brings tears to my eyes.

Prayer

Wherefore, premesis Considered,
I, Arick Justin Rinaldo, Relator, do
beseech thee, that thou might set
forth to order, all for which is prayed,
and GRANT RELIEF REQUEST, and
Issue Such Writ as this Honorable
Court doth deem proper and just.

Signed this 29th day of May,
In the year of Our Lord and Savior,
2001.

Arick Justin Rinaldo, Relator

Selah

Nick J. Rinaldo

Change of Venue From: _____

JUDGMENT ADJUDICATING GUILT

Judge Presiding: Hon. sponge H. Hoduin     Date of Judgment: 9-5-96

Attorney for State: L. Marshall.     Attorney for Defendant: Paul Nugent     [ ] Waived Council

Offense Convicted of: Aggravated Sexual Assault

RECORDER'S MEMORANDUM.
This instrument is of poor quality
and not satisfactory for photographic
recordation, and/or alterations were
present at the time of filming

Degree: 2nd     Date Offense Committed: 5-30-93

Date of Community Supervision Order: 6-13-94     Costs: $ 155.00

Paragraph Violated and Grounds for Revocation: (a) LAWV

As Set out in State's     Original     Petition to Adjudicate Guilt.

Affirmative Findings: (Circle appropriate selection — N/A = not available or not applicable)
DEADLY WEAPON: Yes  No (N/A)     FAMILY VIOLENCE: Yes  No  (N/A)     HATE CRIME: Yes  No (N/A)

Punishment Imposed and Place of Confinement: Institutional/State Jail Division     4yrs TDCJ-ID     /Fine: $ 500.00

Date of Sentence: 9-5-96     Date to Commence: 9-5-96

Time Credited: 10 days     Total Amount of Restitution/Reparation/Reward:

Concurrent Unless Otherwise Specified: _____     Restitution/Reward to be Paid to:
Name: _____
Address: _____

Statement of Amount of Payment(s) required/Terms of Amount: _____

On this day came on to be heard the matter of the Defendant's obedience to the terms and conditions of the Deferred Adjudication of Guilt heretofore granted in the above styled and numbered cause, the State appeared by her District Attorney as named above and the Defendant appeared in person and either by counsel as named above or knowingly, intelligently and voluntarily waived the right to representation by counsel as indicated above, and the Court having heard the evidence submitted by both sides herein and having considered the same finds.

That this court deferred further proceedings on the date indicated above and that the Defendant was qualified for community supervision under Art. 42.12
5 (a), and that under the provisions of said act the court made no final finding of guilt herein, rendered no judgment and placed the Defendant on community supervision for a period of ___10___ years and assessed a fine of $ 500.00

Thereon this ___ day of ___ A.D. 19___, and within the period of such community supervision, the Defendant violated the terms and conditions of said community supervision in that
On or about March 10, 1996, in Harris County, N, he
operated a motor vehicle in a public place while not having use
of his mental & physical faculties by reason of
alcohol into his body

It is therefore CONSIDERED, ORDERED AND ADJUDGED by the Court that the Defendant is guilty of the offense indicated above, as charged in the primary offense, and assesses punishment at confinement in the Institutional Division or State Jail Division, Texas Department of Criminal Justice, as indicated above, for the period indicated above, and a fine, if any, as indicated above.

It is further CONSIDERED, ORDERED and ADJUDGED by the Court that the Deferred Adjudication of Guilt heretofore granted the Defendant named above, in this cause be and the same is hereby revoked, that the finding of guilt heretofore made in this cause be and the same is hereby made final, that there present be and the same hereby is a final judgment in this cause and that the Defendant as named above, committed the said offense on the date indicated above, and that he be punished by confinement in the Institutional Division or State Jail Division, Texas Department of Criminal Justice, as indicated above, for the period indicated above, and a fine, if any, as indicated above. And that the State of Texas do have and recover of the Defendant all costs of prosecution, for which execution will issue.

Order of Adjudication of Guilt, Punishment & Sentence - Felony

6990d 9E61A

And thereupon the said Defendant was asked by the Court whether he has anything to say... answered nothing in bar thereof. Whereupon the Court proceeded, in the presence of said Defendant, to pronounce sentence against him as follows, to wit: That the order of the Court that the Defendant named above who has been adjudged to be guilty of the offense indicated above, a felony... that he be confined by the Texas Department of Criminal Justice, Institutional Division or State Jail Division, or other Department of Criminal Justice... Sheriff of Harris County, Texas, immediately to the Director of the Institutional Division or State Jail Division, Texas Department of Criminal Justice, as indicated above, for the period indicated above, or other person legally authorized to receive such convicts, and said Defendant shall be confined in said Institutional Division or State Jail Division, Texas Department of Criminal Justice, for the period indicated above, in accordance with the provisions of the law governing the Institutional Division, or State Jail Division, Texas Department of Criminal Justice.

The said Defendant was remanded to jail until said Sheriff can obey the directions of this sentence.

** TO BE COMPLETED ONLY WHEN IMPOSITION OF SENTENCE SUSPENDED AND DEFENDANT GRANTED COMMUNITY SUPERVISION

[ ]   On this the _____ day of _____, 19___, imposition of this sentence is suspended and Defendant is placed on community supervision for _____ years pending his abiding by and not violating the terms and conditions of community supervision, approved by this Court and attached as a part of this judgment herewith.

Clerk of the court furnished the probationer with a copy of the terms and conditions of community service

---

## BILL OF COSTS

Payment Type:_____ (S, I, D, M or L:)  (NOTE: If "I" or "D" see attached order)
Jail Time: _____ __ H/D/M/Y  CC: Y/N  ___ Y=Yes  N=No (jail/fine/cost concurrent)
Time Assessed TDCJ, (ID) Institutional/(SJ) State Jail; _____ Div: _____ D/M/Y
Jail Credit: _____ __ H/D/M/Y  Sentence to Begin Date: _____
(HCJ/SJ)_____ as a Condition of Community Supervision: _____ H/D/M/Y
Additional Jail Credit: _____ ___ H/D/M/Y
Payable on or Before: _____ PLO: _____ Reward SPN: _____ COC:_____
_____ Hours of Sentence to be Served by Performing Community Service
Defendant to Serve Sentence by Electronic Monitoring? (Y or N): _____
NOTE TO SHERIFF: _____

| | | |
|---|---|---|
| Transcript at: _____ Pages.......... | Crime Stoppers Fee........ ..... | 2 : 00: |
| Serving Capias: _____ /Summons: | Jury Fee............... ..... | : |
| Summoning_____ Witness/Mileage......... | CJPF..................... | 20 : 00: |
| Jury Fee............................. | LEOSEF................. ... | 1 : 50: |
| Taking: _____ Bonds................... | CVCF.................. ..... | 20 : 00: |
| Commitment.......................... | DCLCF................. | : |
| Release............................. | JCTF.................... | 1 : 00: |
| Attachment........................ | Video Fee.............. | : |
| Arrest W/O Warrant/Capias........... | DWI Evaluation Fee........ | : |
| | Reward Repayment.......... | : |
| -----------RECAPITULATION----------- | Pre-Bond Drug Test.... | : |
| | Bond/Elec Monitor Fee.. . | : |
| Fine Amount......................... | ACCA................ ... | : |
| Miscellaneous Cost................. | Financial Responsibility... | : |
| Special Expense................. | PTR Fee................ | : |
| Trial Fee........................ | Attorney Fee............... | : |
| District Attorney Fee............... | Out of County Witness Fee.. | : |
| Clerk's Fee....................... | Amount Probated/Waived..... | : |
| Sheriff's Fee....................... | TOTAL AMOUNT OWED.......... | : |

Signed and entered this the ___5th___ day of ___September___, A.D., 19__96__.

Notice of Appeal: _10 - 3_ 19_96_   _____
                                    PRESIDING JUDGE

Probation Expires: _____ 19____

Mandate Received: _____ 19____
After Mandate Received, Sentence to Begin Date is: _____

(Check ONLY if Applicable)
[ ] Defendant to be placed in the "S.A.I.P." (Boot Camp) program in the Texas Department of Criminal Justice, Institutional Division pursuant to Art. 62.03 (c)-9 Revised Statutes/Article 42.12, Section 8, C.C.P.

Received on _5th_ day of ___September___, A.D., 19_96_ at _8:10_ o'clock _A_ M.
Sheriff, Harris County, Texas

By:_____ #1200____ Deputy

Entered _____
Verified _____
LCBT SAP
(8 Day 999)

666855
Reynaldo

Defendant's
Right Thumbprint

CRM-15 R08-12-94                    -2-

## APPLICATION FOR REQUISITION

HONORABLE RICK PERRY, Governor of The State of Texas:

I respectfully ask that you issue a requisition to the Governor of Florida for the apprehension and rendition of ARICK J. RINALDO, who has been convicted in the 174th District Court of Harris County, State of Texas, of the crime of Aggravated Sexual Assault, but who has since the conviction for said offense, and before the punishment had been satisfied, and with a view of avoiding same, fled from justice of the State of Texas, and is now a fugitive from justice of this State, and is now, as your petitioner verily believes, in the County of Broward and State of Florida and the grounds for such belief are as follows:

The Harris County Sheriff's Office has received correspondence dated April 3, 2001 from the Broward County State Attorney's Office, Fort Lauderdale, Florida, advising that ARICK J. RINALDO had been arrested for this department, but that he has refused to sign a waiver of extradition to return to the State of Texas.

The circumstances are as follows:

ARICK J. RINALDO was convicted for Aggravated Sexual Assault and sentenced on September 5, 1996 to 4 years in the Texas Department of Criminal Justice Institutional Division and on April 11, 1997 ARICK J. RINALDO gave notice of appeal and posted an appeal bond. Since that time, the defendant has failed to abide by the terms of his release on bond. The Mandate of Affirmance was received from the Court of Criminal Appeals on March 4, 1998 and an Alias Capias was issued on February 26, 2001.

I herewith present a duly certified copy of the Original Indictment, Judgment and Sentence, and Mandate now on file in the Office of the District Clerk of Harris County, Texas.

I nominate TOMMY B. THOMAS, Sheriff of Harris County, Texas, and his authorized Deputy Sheriffs, Sgt. W. Hall, Sgt. D. A. Schmidt, C. Calvit, L. Jeanne Johnson, R. Cejka, T. J. Carr, C. W. Clifton, L. Reindl, and L. J. Wojasinski; and authorized Deputy U. S. Marshals, as proper persons to be appointed and commissioned by you as the Agents of the State of Texas to receive the said fugitive when he shall be apprehended, and bring him to this State, and deliver him into the custody of the Sheriff of said County. I also certify that the above named agents have no private interest in the proposed arrest. The requisition asked for said fugitive is not sought for the purpose of collecting a debt, or enforcing a civil remedy, or to answer any other private end whatever.

Dated at Houston, Texas, April 27, 2001.

_____
DISTRICT ATTORNEY, HARRIS COUNTY, TEXAS

======================================

THE STATE OF TEXAS
COUNTY OF HARRIS

I, CHARLES A. ROSENTHAL, JR., being duly sworn, on my oath, say that the facts in the foregoing application are true to the best of my knowledge.

_____

Subscribed and sworn to before me, this 27th day of April, 2001.

_____
Notary Public in and for THE STATE OF TEXAS

KIMBERLY DAWN BRYANT
Notary Public, State of Texas
My Commission Expires
FEBRUARY 22, 2005

TO THE GOVERNOR:

In my opinion it would be proper for Your Excellency to issue the requisition asked. I recommend the above named persons to be appointed and commissioned by you as the Agents for The State of Texas to receive the said fugitive and bring him to this State.

_____
DISTRICT ATTORNEY, HARRIS COUNTY, TEXAS

Exhibit
(COPY)

**STATE OF TEXAS**
**COUNTY OF HARRIS**

I, **CHARLES BACARISSE**, District Clerk of Harris County, Texas, by KEN HEUITT, Director, Criminal Bureau, do hereby certify that the foregoing transcript of record is a true and correct copy of JUDGMENT AND SENTENCE on file in my office in Cause No. 666855, entitled THE STATE OF TEXAS vs ARICK J. RINALDO recorded in Volume 1936 Page 669 Minutes of the 174TH District Court, in and for Harris County, Texas.

Witness my signature and seal of the said District Court of Harris County for the Judicial District of the State of Texas, on this the _17_ day of APRIL, 2001.



CHARLES BACARISSE, DISTRICT CLERK
Harris County, Texas

By: **KEN HEUITT, DIRECTOR**
Criminal Bureau

**STATE OF TEXAS**
**COUNTY OF HARRIS**

I, _ROBERT D. JONES_, one of the judges of the District Courts in Harris County, Texas, do hereby certify that the above certificate and attestation of **CHARLES BACARISSE,** District Clerk, by KEN HEUITT, Director, Criminal Bureau, is in due form. **CHARLES BACARISSE,** District Clerk in Harris County, Texas is the proper custodian of the files and records referred to in said certificate, and is authorized by law to make exemplified copies and affix the seal of the court. The signature affixed to the certificate is genuine, signature and the seal is the authentic seal of the court.

Signed this the ___ day of APRIL, 2001.

JUDGE OF THE 174TH DISTRICT COURT
HARRIS COUNTY, TEXAS

**STATE OF TEXAS**
**COUNTY OF HARRIS**

I, **CHARLES BACARISSE**, District Clerk of Harris County, Texas, by KEN HEUITT, Director, Criminal Bureau, do certify that JUDGE _ROBERT D. JONES_, who signed the above certificate is one of the duly commissioned and qualified judges of said courts, and that the signature to the certificate is the judge's genuine signature.

Witness my signature and seal on this the _17_ day of APRIL, 2001.

CHARLES BACARISSE, DISTRICT CLERK
Harris County, Texas

By: **KEN HEUITT, DIRECTOR**
Criminal Bureau



**JEB BUSH**
GOVERNOR OF THE STATE OF FLORIDA

### EXECUTIVE DEPARTMENT

**TO ALL SHERIFFS AND OTHER PEACE OFFICERS OF THIS STATE:**

      **WHEREAS,** it has been represented to me by the Governor of the State of **TEXAS,** that **ARICK J. RINALDO,** fugitive, stands **CONVICTED** of the crime of **AGGRAVATED SEXUAL ASSAULT AND JUMPED BOND** committed in said State, and that said fugitive fled from the justice of that State, and has taken refuge in the State of Florida, and the said Governor of **TEXAS** having, in pursuance of the Constitution and Laws of the United States and the State of Florida, **SHERIFF TOMMY B. THOMAS** and/or authorized agent(s) are hereby authorized to receive into custody and convey the fugitive back to the said State; and

      **WHEREAS,** the said representation and demand is accompanied by a copy of **INDICTMENT, JUDGMENT OF CONVICTION, CAPIAS** and allied papers certified by the Governor of said State to be authentic, whereby the said fugitive is charged with said crime;

      **THEREFORE, I,** Jeb Bush, Governor of Florida, by this warrant command you to arrest and secure the said fugitive, wherever said fugitive may be found within this State, and to deliver said fugitive into the custody of said agent(s), to be taken back to said State from which fugitive fled, pursuant to the said requisition, there to be dealt with according to law.

      **IN WITNESS WHEREOF,** I have hereunto signed my name and caused to be affixed the Great Seal of State, at Tallahassee, Florida this 11th day of May A.D., 2001.

_Jeb Bush_
GOVERNOR

By the Governor

_Katherine Harris_
SECRETARY OF STATE

Served at
'Y Dep. C J J....... =7y/
Jreward Sher.... If...
N P.m 4cc
J/erih.

**STATE OF TEXAS**
**COUNTY OF HARRIS**

I, **CHARLES BACARISSE**, District Clerk of Harris County, Texas, by KEN HEUITT, Director, Criminal Bureau, do hereby certify that the foregoing record is a true and correct copy of the ALIAS CAPIAS issued in my office in cause number 666855, entitled The State of Texas vs. ARICK J. RINALDO on FEBRUARY 26, 2001.

Witness my signature and seal of the said District Court of Harris County for the Judicial District of the State of Texas, on this the _____ day of APRIL, 2001.



**CHARLES BACARISSE, DISTRICT CLERK**
Harris County, Texas

By: **KEN HEUITT, DIRECTOR**
Criminal Bureau

**STATE OF TEXAS**
**COUNTY OF HARRIS**

I *Robert D. Jones*_____, one of the judges of the District Courts in Harris County, Texas, do hereby certify that the above certificate and attestation of **CHARLES BACARISSE**, District Clerk, by KEN HEUITT, Director, Criminal Bureau, is in due form. **CHARLES BACARISSE**, District Clerk in Harris County, Texas is the proper custodian of the files and records referred to in said certificate, and is authorized by law to make exemplified copies and affix the seal of the court. The signature affixed to the certificate is a genuine signature and the seal is the authentic seal of the court.

Signed this the _____ day of APRIL, 2001.

**JUDGE OF THE 174TH DISTRICT COURT**
HARRIS COUNTY, TEXAS

**STATE OF TEXAS**
**COUNTY OF HARRIS**

I, CHARLES BACARISSE, District Clerk of Harris County, Texas, by KEN HEUITT, Director, Criminal Bureau, do certify that JUDGE *Robert D. Jones*_____, who signed the above certificate is one of the duly commissioned and qualified judges of said courts, and that the signature to the certificate is the judge's genuine signature.

Witness my signature and seal on this the _____ day of APRIL, 2001

**CHARLES BACARISSE, DISTRICT CLERK**
Harris County, Texas

By **KEN HEUITT, DIRECTOR**
Criminal Bureau

**STATE OF TEXAS**
**COUNTY OF HARRIS**          **ALIAS CAPIAS**

**MANDATE**          FEB 2 6 2001

**IN THE 174TH DISTRICT COURT**
**OF HARRIS COUNTY, TEXAS**

**NO. 066685501010**

THE STATE OF TEXAS: TO ANY PEACE OFFICER OF THE STATE OF TEXAS, GREETINGS:

**YOU ARE HEREBY COMMANDED TO ARREST  RINALDO, ARICK J.**

**F HE IS TO BE FOUND IN YOUR COUNTY, AND HIM SAFELY KEEP, OR SO PROVIDE THAT
YOU HAVE HIM BEFORE THE HONORABLE 174 DISTRICT COURT IN AND FOR SAID COUNTY OF
HARRIS, AT THE COURTHOUSE THEREOF IN THE CITY OF HOUSTON.**

**I N S T A N T E R**

WHEN AND THERE TO ANSWER THE STATE OF TEXAS UPON A JUDGMENT OF CONVICTION FOR THE
OFFENSE OF SEXUAL ASSAULT
WHEREIN THE DEFENDANT WAS SENTENCED TO 0004 YEARS IN THE TEXAS DEPARTMENT OF
CORRECTIONS, AS SET FORTH IN THE JUDGMENT OF THE 174 DISTRICT COURT OF HARRIS
COUNTY, TEXAS, THE DEFENDANT HAVING NOTICE OF APPEAL FROM SAID JUDGMENT OF
CONVICTION TO THE COURT OF APPEALS OF THE STATE OF TEXAS.

AND THE COURT OF APPEALS OF THE STATE OF TEXAS HAVING ISSUED A MANDATE OF
AFFIRMANCE AND ORDERED THAT THE JUDGMENT OF CONVICTION BE IN ALL THINGS
RECOGNIZED, OBEYED AND EXECUTED.

HEREIN FAIL NOT, BUT OF THIS WRIT THEN AND THERE MAKE DUE RETURN, SHOWING HOW
YOU HAVE EXECUTED THE SAME. IF NOT EXECUTED WITHIN 90 DAYS FROM DATE HEREOF, YOU
SHALL NOTIFY SAID COURT IN WRITING, THE CAUSE OF THE FAILURE, AND WHAT EFFORTS
HAVE BEEN MADE, TO EXECUTE SAME.

IN WITNESS WHEREOF, THEREUNTO SET MY HAND AND AFFIX THE SEAL OF THE COURT,
T OFFICE IN HOUSTON, TEXAS, ON THIS THE 26TH DAY OF FEBRUARY , A.D. 2001 AT
6:18 O'CLOCK  P.M..

*CHARLES BACARISSE'*

INITIATING DEPUTY: LAYWELL, DELLA          DISTRICT CLERK, HARRIS COUNTY, TEXAS

FILED: 03/21/96                                    BY _____
RETURNABLE INSTANTER                                              DEPUTY

MANDATE OF AFFIRMANCE

RECEIVED FROM THE CLERK OF THE COURT
OF APPEALS OF THE STATE OF TEXAS
_____

DEFENDANT WAS SENTENCED ON THE 05TH
DAY OF SEPTEMBER, A.D. 1996.

MANDATE OF AFFIRMANCE
WAS ISSUED ON THE 04TH DAY
OF MARCH    , A.D. 1998.
NU. 995

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

S H E R I F F ' S   R E T U R N

RECEIVED THIS WRIT ON THE _____ DAY OF _____, _____ AND I EXECUTED
SAME ON THE _____ DAY OF _____, ____ BY ARRESTING THE NAMED DEFENDANT

_____ AT __:__ O'CLOCK AM/PM.

Y PLACING IN HARRIS COUNTY JAIL SAID _____

DEFENDANT WAS IN JAIL FROM _____ DAY OF _____, A. D.   TO   DAY OF
_____, A. D.   A TOTAL OF   DAYS BETWEEN THE DATE OF ARREST
N THIS CAUSE AND WHEN THE MANDATE WAS ISSUED.

TOMMY THOMAS
SHERIFF OF HARRIS COUNTY, TEXAS
Y _____
                    DEPUTY

IN THE COURT OF [illegible]AL

Case # 01-0100535CV           Exhibit (Habeas)
L.T.# 666 855

ADDENDUM TO
(with exhibits)

"EMERGENCY"

PETITION FOR

WRIT OF

CORAM NOBIS

Arick Justin Rinaldo, Petitioner

PETITION FOR WRIT TO VACATE JUDGEMENT
ADJUDICATING GUILT

FROM THE 174ᵗʰ DISTRICT COURT, HARRIS COUNTY,
Texas

"EMERGENCY"

THIS PETITION is clearly of an "emergency" nature. I have currently served over 17 months on a 4 year sentence imposed by the 174ᵗʰ District Court.

Not only is the plea defective, the Judgment and conviction is defective.

Additionally the mandatory release time is 18 months for the sentence imposed. (about Agust 9ᵗʰ, 2001)

I will have served in excess of the sentence imposed if this petition is not ruled on in an "emergency" fashion

As prison time, or a felony conviction was not cognizable at the time of the plea, the resultant quandry amounts to a punishment well beyond that which was contemplate (by me) on that fateful day.

I have found myself incarcerated without Jury Trial against my will, with both a defective plea, and a defective Judgement and conviction.

Wherefore I pray this Court proceed in an "emergency" fashion, to avoid further excessive undue punishment, without evidence of guilt, and deprivation of liberty without due process of the law.

Schab

Arick Justin Rinaldo, petitioner,

_____ se ____.

Comes now, Arick Justin Rinaldo, Petitioner in this cause and respectfully submits this addendum to Petition for Writ of Coram Nobis, and in support thereof, would respectfully show unto this Court as follows:

## I.

PETITIONER HAS CURRENTLY filed Petition for Writ of Coram Nobis under Case number 01-0005335CV, L.T. # 696855 from the 174th District Court of Harris County, Texas.

## II.   MANDAMUS

Petitioner has recently spoken with Counsel in Texas, Paul Nugent and recieved copy of the plea agreement from 1994, lacking from the governor's warrant and allied papers. (exhibits submit.

Counsel Paul Nugent has been "negotiating" or "working on trying to secure credit for time served, for about 5 months, or more.   TO NO AVAIL   (See exhibit "A")

①

obviously, a writ of Mandamus to expedite this would be of assistance.

Petitioner has shown that one writ of habeas Corpus has been issued in Florida, whereby it was ruled that Petitioner/Relator had been illegally detained for over 5 months and subsequently released. (for Texas) detained for Texas

A Second writ of Habeas Corpus will soon be issued by the 4th District Court of Appeal because of insufficiency of the Warranty and allied papers. (from Texas)

Meanwhile, I will have Served over 18 months on the Texas Charges

Please Credit time Served or order Respondent, Gary Johnson, director of T.D.C.J., or the Texas department of Criminal Justice to GRANT RELIEF REQUEST.

( Or, Please issue order that Respondent Should Show due cause why writ of Mandamus Should not be issued )

②

## III. PLEA AGREEMENT
## INVALID

The papers recieved from counsel in Texas
Consist of

Exhibit "A" - Letter from Attorney
Exhibit "B" - The paper I signed
Exhibit "C" - A paper I've never seen before
Exhibit "D" - Probation order/Deferment of Adjud.
Exhibit "E" - Bill of Costs

Exhibit "B", The plea agreement, and
paper I signed shows a plea of
"no contest" and that if the witnesses
were called they would testify...

"I enter a plea of no contest"

and 2 more times "no contest" and at
bottom,      "PLEA OF N/O CONTEST"

Now, EXHIBIT "C" is a paper
that I've never Seen before.

③

Exhibit C

PLEA OF GUILTY What?

I never plead guilty !!

WAIVER OF CONSTITUTIONAL RIGHTS, AGREEMENT TO STIPULATE, AND JUDICIAL CONFESSION

What?

① Nowhere will it show that I knowingly waived my ~~right~~ inalienable right to Jury Trial, PERMANENTLY, nor confessed, or plead GUILTY.

Not even the document shown, that does not even bear my initials says 'that' ● (permanent Waiver of Jury Trial)

And what kind of Document is it?

Date Prepared 06-14-93

Yet this is on the date of Jury Selection 06-13-94, when my codefendant/girlfriend and I were prepared to go to trial and I showed up and was handcuffed to the bench at 9 a.m. (for the 9 o'clock docket) ④

EXHIBIT "C"

CHARGE: AGGRAVATED SEXUAL ASSAULT !!

PLEA OF GUILTY ?

WAIVER OF CONSTITUTIONAL RIGHTS ?

CONFESSION ? What !!

"State moves to reduce the case to the second degree felony of sexual assault"

How is or was this document produced?

The State attorney came with it prepared?

When was it prepared, a year before? (6/14/93)

It has an Spn # (inmate identification number) — how — I was not incarcerated, unless it was from 1993, before I bonded out.

Yet the clerk shows 10:15 a.m. filing time, on June 13, 1994.

Now, IT APPEARS THAT EXHIBIT "B", the paper I signed (5)

is related to exhibit "C", the document
I've never seen-

Exhibit "C", the plea of guilty and
confession, the document I've never seen, is
not signed or even initialed.

Exhibit "C" appears to be related to
exhibit "b", but does not have the same
tell tale scratch at of "guilt", changed
to "no contest"

Exhibit "C" is also in conflict with

Exhibit "D", "probation order and deferment
of adjudication of guilt"

Which shows plea: "Nolo Contendere"

Wherefore the plea agreement is defective,
the "Waiver of constitutional Rights", etc is
NULL and void, and the Judgement is
defective with error evident on ITS FACE and
also NULL.

(6)

WITH DRAWL PLEA

IV

It was never cognizable to Petitioner that he would ever have to serve time in prison as a result of the plea of "no contest" or "nolo contendere" without consciously committing or being convicted of a felony.

And Petitioner did and still does think he could always go to Jury trial at a later date (though I didn't know it would be this hard) I was ensured there was no need, I had my "free chance" and no criminal record.

It was simply a 3-some gone awry and I have grown much since then. (from atheist to Christian, big leap!!) (26yrs)        (7yrs)

Being incorcerated and depriving me and my 2 daughters of the opportunity to raise and provide for them is a punishment far in excess of what was contemplated at the time of the plea.

Neither daughter was even concieved at the time, nor even born at the time of revocation.

G

Petitioner had a viable defense to the Charges against him and his girlfriend/codefendant, and the plea of "no contest" / "nolo contendere" was a plea of convenience to drop the charges against his co-defendant, Shelley.

However, because of the extraordinary additional events and consequences that have occurred, Petitioner wishes to withdraw his plea, and if necessary, proceed with the pending cause.

V.

A WRIT OF CORAM NOBIS is an appropriate remedy in this circumstance, and the vacating of the conviction/sentence allowing the withdrawal of plea is the appropriate course of action.

PRAYER

Wherefore, premesis considered, I, Arick Justin Rinaldo, Petitioner, do beseech thee, that thou might

(8)

Set forth to order, all for which is prayed, and issue WRIT OF CORAM NOBIS, vacating Judgement and Sentence instituted in this action, thereby allowing the plea of "nolo contendere" to be withdrawn in the lower tribunal and reinstating this action for such other and further relief as might be deemed appropriate.

Selah

Respectfully
Submitted

Nick John Rinaldo,
Petitioner

Sign this 11th day of July, in the year of our Lord

# EXHIBITS

Judgement Adjudicating guilt      "Exhibit A"

Penal Code      "Exhibit B"

Mandate Alias Capias      "Exhibit D"

Court Order Judge Ross      "Exhibit F"
(mailed separate, habeas corpus writ of)

      "Exhibit G"

Governors Warrant +
Requesition

Nugent affadavit      "Exhibit H"
"Mailed Seperate"

Exhibits - ADDENDUM

Nugent letter  -      Exhibit "A, H"

Plea of "no contest"      Exhibit  "B"
(the paper I did sign)

Plea of GUILTY - RIGHTS WAVER      Exhibit "C"
(the paper I've never seen)

Probation Order, Deferment of Adjudication Exhibit "D"

LAW OFFICES OF

## FOREMAN, DEGEURIN, NUGENT & GERGER

909 FANNIN, SUITE 590

HOUSTON, TEXAS 77010

PERCY FOREMAN
. (1902-1988)
MIKE DeGEURIN
PAUL NUGENT
DAVID GERGER

(713) 655-9000
FAX: (713) 655-1812

July 9, 2001

*Exhibit "A"*
*(Addendum)*
*Exhibit "H"*
*(Part I)*

Arick Rinaldo
Broward County Jail
360113327-6B2
P.O. Box 9356
Ft. Lauderdale, Florida 33310

Dear Arick:

   I am working on trying to secure Texas Department of Criminal Justice
Institutional Division credit for you for the time you have served and are presently
serving in Florida. I will keep you informed about this matter. I've also enclosed a
copy of the paperwork showing your plea agreement with the State to reduce the
charge to a second degree non-aggravated sexual assault.

Sincerely,

Paul Nugent

PN/hp

Enclosure.

Exhibit B
(Addendum)

Stipulate that if the witnesses were called they would testify

I understand the above allegations and I ~~confess~~ that they are true and that the acts alleged above were committed o
May 30, 1993

In open court I consent to the oral and written stipulation of evidence in this case and to the introduction of affidavit written statements, of witnesses, and other documentary evidence. I am satisfied that the attorney representing m: today in court has properly represented me and I have fully discussed this case with him

no contest
I intend to enter a plea of ~~guilty~~ and the prosecutor will recommend that my punishment should be set a
10 years Deferred Adjudication #500 fine
and
agree to that recommendation. I waive any further time to prepare for trial to which I or my attorney may be entitled.

DEFENDANT

Sworn to and Subscribed before me on _____ JUN 1 3 1994

HARRIS COUNTY DEPUTY DISTRICT CLERK.

I represent the defendant in this case and I believe that this document was executed by him knowingly and voluntarily and after I fully discussed it and its consequences with him. I believe that he is competent to stand trial. I agree to the prosecutors recommendation as to punishment. I waive any further time to prepare for trial to which I or the defendan may be entitled.

Jim Steele
DEFENDANT'S ATTORNEY (PRINT)      SIGNATURE OF DEFENDANT'S ATTORNEY

I consent to and approve the above waiver of trial by jury and stipulation of evidence

ASSISTANT DISTRICT ATTORNEY
OF HARRIS COUNTY, TEXAS

No Contest

This document was executed by the defendant, his attorney, and the attorney representing the State, and then filed with the papers of the case. The defendant then came before me and I approved the above and the defendant entered a plea of ~~guilty~~. After I admonished the defendant of the consequences of his plea, I ascertained that he entered it knowingly and voluntarily after discussing the case with his attorney. It appears that the defendant is mentally competent and the plea is free and voluntary. I find that the defendant's attorney is competent and has effectively represented th defendant in this case. I informed the defendant that I would not exceed the agreed recommendation as to punishment

JUDGE PRESIDING

No Contest
PLEA OF ~~GUILTY~~

FILED:  JUNE 13, 1994

Exhibit "C"
(Addendum)

THE STATE OF TEXAS
VS.
**ARICK J. RINALDO**
**2200 MONTGOMERY PK.#808**
**CONROE, TEX.  77304**

D.A. LOG NUMBER: **44142**
CHS TRACKING NO.:
SPN: **019____**
DOB: **W/M 12-13-67**
DATE PREPARED: **6/14/93**

BY: **PG**     DA NO· 582
AGENCY: **HPD**
O/R NO: **5612419?**
ARREST DATE: TO BE

NCIC CODE: **1115 23**
FELONY CHARGE:
  **AGGRAVATED SEXUAL ASSAULT**
CAUSE NO:  **____**
**HARRIS COUNTY**
DISTRICT COURT NO: **____** **194**

RELATED CASES:

(6668755)

BAIL: $ **10.000**
PRIOR CAUSE NO

### WAIVER OF CONSTITUTIONAL RIGHTS, AGREEMENT TO  STIPULATE, AND  JUDICIAL CONFESSION

In open court and prior to entering my plea, I waive the right of trial by jury. I also waive the appearance, confrontation, and cross-examination of witnesses, and my right against self-incrimination. The charges against me allege that in Harris County, Texas, **ARICK J. RINALDO**, hereafter styled the Defendant, on or about MAY 30, **1993**, did then and there unlawfully, intentionally and knowingly cause the penetration of the FEMALE SEXUAL ORGAN of MEREDITH BOWEN, hereinafter called the Complainant, by placing HIS SEXUAL ORGAN in the FEMALE SEXUAL ORGAN of the Complainant, without the consent of the Complainant, namely, THE DEFENDANT COMPELLED THE COMPLAINANT TO SUBMIT AND PARTICIPATE BY THREATENING TO USE FORCE AND VIOLENCE AGAINST THE COMPLAINANT, AND THE COMPLAINANT BELIEVED THE DEFENDANT HAD THE PRESENT ABILITY TO EXECUTE THE THREAT, and BY ACTS AND WORDS THE DEFENDANT PLACED THE COMPLAINANT IN FEAR THAT SERIOUS BODILY INJURY OR DEATH WOULD BE IMMINENTLY INFLICTED ON MEREDITH BOWEN.

5 X --1

State moves to reduce the case to
the second degree felony of
Sexual assault

**F I L E D**
KATHERINE **TYRA**
District Clerk

JUN 1 3 1994

By ____
County, Texas

AGAINST THE PEACE AND DIGNITY OF THE STATE.

THE STATE OF TEXAS

VS.

_Arick Q. Rinaldo_

**COURT OF HARRIS COUNTY, TEXAS**

Change of Venue From: _NA_

**PROBATION ORDER AND DEFERMENT OF ADJUDICATION OF GUILT**

Judge Presiding: _George Godwin_    Date of Order: _June 13, 1994_

Attorney for State: _Hans Nielsen_    Attorney for Defendant: _Steele_ [ ] Waived Counsel

Offense: _sexual assault_

Degree: _2nd_    Date Offense Committed: _May 30, 1993_

Charging Instrument: Indictment/~~Information~~    Plea: ~~Guilty~~/Nolo Contendere

Terms of Plea Bargain (In Detail): _felony deferred adjudication/fine_

Plea to Enhancement Paragraph(s): _NA_    Findings on Enhancement: _NA_

Affirmative Findings: (Circle appropriate selection – N/A = not available or not applicable)
DEADLY WEAPON: Yes (No) |N/A   FAMILY VIOLENCE: Yes |No |/N/A   HATE CRIME: Yes |No |(N/A)

Date Imposed: _June 13, 1994_    Costs: _440.00_

ADJUDICATION OF GUILT DEFERRED, DEFENDANT PLACED ON PROBATION FOR _10_ YRS. AND A FINE OF $_500.00_

Time Credited: _N/A_    Total Amount of Restitution/Reparation/Reward: _N/A_

Concurrent Unless Otherwise Specified: _N/A_    Restitution/Reward to be Paid to: Name: _____ Address: _____

Statement of Amount of Payment(s) required/Terms of Amount: _____

This cause being called for trial, the State appeared by her District Attorney as named above, and the Defendant as said above appeared in person and either by counsel as indicated above or knowingly, intelligently and voluntarily waived the right to representation by counsel as indicated above, and both parties announced ready for trial. The said Defendant elected to proceed under Article 42.12, Section 5a of the Code of Criminal Procedure, and in open court, jury having been waived, the Defendant was duly arraigned, pleaded as indicated above to the charge as shown above.

Thereupon the Defendant was admonished by the Court of the consequences of the said plea, and the Defendant persisted in entering said plea, and it plainly appearing to the Court that the Defendant was sane and that he was uninfluenced by any consideration of fear, or persuasion, or delusive hope of pardon, prompting him to confess his guilt, the said plea was accepted by the Court and is here entered of record upon the minutes. The Defendant having in open court, in writing, waived the appearance, confrontation, and cross-examination of witnesses, consented to the stipulation of evidence and to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence; and such waiver and consent having been approved by the Court in writing and filed in the papers of the cause, the said plea of the Defendant was received and entered of record upon the minutes.

On _June 13_, 19_94_, the trial proceeded before the Court, and after the evidence was submitted and the argument of counsel thereon, the Court found that such evidence substantiates the Defendant's guilt in this cause, and that it found that the best interests of society and of the Defendant would be served by deferring proceedings without entering an adjudication of guilt and placing the Defendant on probation in this cause.

It is therefore CONSIDERED, ORDERED AND ADJUDGED, that in accordance with Article 42.12, Section 5a of the Code of Criminal Procedure, no judgment shall be entered in this cause and that the Defendant be, and he is hereby placed on probation in this cause for a period of _10 years_ from this date, on the attached terms and conditions of probation. Further, the court finds the Presentence Investigation, if so ordered, was done according to the applicable provisions of Art. 42.12, sec 9, Code of Criminal Procedure.

Payment Type: _I_ (S, I, D, M or L:) (NOTE: If "I" or "D" see attached order)
Jail Time: ____ _ M/D/M/Y CC: Y/N _N_ Y=Yes N=No (jail/fine/cost concurrent)
Time Assessed Texas Department of Criminal Justice,Institutional Div.: ____ _ D/M/Y:
Jail Credit: ____ _-_ M/D/M/Y Sentence to Begin Date: ____
Jail as a Term of Probation: ____ _ M/D/M/Y, Additional Jail Credit: ____ _M/D/M/Y:
Payable on or Before: 7-13-94 PLO: _H_ Reward SPN: ____ COC: _-_
____ Hours of Sentence to be Served by Performing Community Service
Defendant to Serve Sentence by Electronic Monitoring? (Y or N): ____
NOTE TO SHERIFF:

| | | |
|---|---|---|
| Transcript at:_____ Pages........ | | Crime Stoppers Fee........ 2 \| 00: |
| Serving Capias: _____/Summons:_____. | | Jury Fee................. |
| Summoning____Witness/Mileage........ | | CJPF..................... 20 \| c0: |
| Jury Fee........................... | | LEOSEF................... 1 \| 50: |
| Taking: _____ Bonds................ | | CVCF..................... 10 \| 00: |
| Commitment......................... | | DCLCF.................... |
| Release............................ | | .CTF..... ............... 1 \| c0 |
| Attachment......................... | | Video Fee................ |
| Arrest W/O Warrant/Capias.......... | | DWI Evaluation Fee....... |
| --------------RECAPITULATION----------- | | Reward Repayment......... |
| Fine Amount........................ | | Security Fee............. |
| Miscellaneous Costs................ | | Records Preservation Fee. |
| Judicial Fund Fee.................. | | ACCA..................... |
| Special Expense.................... | | Financial Responsibility. |
| Trial Fee.......................... | | PTR Fee.................. |
| District Attorney Fee.............. | | Attorney Fee.. .......... |
| Clerk's Fee........................ | | Breath Alcohol Testing... |
| Sheriff's Fees (Total)............. | | Rehabilitation Fund...... |
| Misdemeanor Costs.................. | | Amount Probated/Waived... |
| MAF Traffic Costs.................. | | TOTAL AMOUNT OWED....... |

Signed and entered this the _13th_ day of _____, A.D., 19 _94_.

Notice of Appeal: _____ 19____

Probation Expires: _6-1-2_ 19_____

_____
PRESIDING JUDGE

Mandate Received: _____ 19____

After Mandate Received, Sentence to Begin Date is: _____

Received on _____ day of _____, A.D., 19____ at _____ o'clock____ M.

Sheriff, Harris County, Texas

By: _____ Deputy

Defendant's
Right Thumbprint

Entered
Verified